# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELCHOR KARL T. LIMPIN,<br><br>                       Plaintiff,<br><br>   v.<br><br>ASCENDIUN, INC., *et al*.,<br><br>                    Defendants. | Case No. 25-cv-2598-BAS-JLB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REMAND (ECF No. 2)** |

Presently before the Court is Plaintiff Melchor Karl T. Limpin's motion to remand. (ECF No. 2.) The Court finds Plaintiff's motion suitable for determination on the papers submitted. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

## I.  BACKGROUND

Plaintiff filed a complaint and first amended complaint in state court. (ECF No. 1-2.) Plaintiff brought several California state law claims and sued multiple defendants. (*Id*.) Defendant SCAN Health Plan then filed a notice of removal, claiming federal question and federal officer removal. (ECF No. 1); 28 U.S.C. § 1441; 28 U.S.C. § 1442. Defendant filed the notice on September 25, 2025. (ECF No. 1.)

As relevant here, the notice of removal stated that Defendant was served with a complaint on August 1, 2025. (*Id*. ¶ 1.) The notice further stated that Defendant received a first amended complaint on August 27, 2025. (*Id*. ¶ 2.)

In response to the notice of removal, Plaintiff files a motion to remand. (ECF No. 2.) Part of Plaintiff's motion argues that Defendant untimely removed. (*Id*.) Plaintiff maintains that the thirty-day clock started to tick on August 1, 2025, establishing a deadline of August 31, 2025. (*Id*.) Defendant's brief, however, discusses only the date of August 27, 2025, making the deadline September 26, 2025, so that Defendant timely filed the notice. (Opp'n 5:26, ECF No. 21.) Moreover, Defendant's counsel submitted a declaration in support of the opposition to remand, suggesting that Defendant was only served on August 27, 2025, and the sheriff department's documentation contained a mistake. (ECF No. 21-1.)

To resolve this dispute, the Court ordered Defendant to show cause. (ECF No. 25.) Specifically, the Court asked Defendant to resolve the discrepancy between the admitted August 1 service date in the notice of removal and the August 27 service date in the briefing. (*Id*.) The Court stated: "Defendants can show cause by submitting a declaration, on penalty of perjury, regarding whether […] SCAN Health Plan received service of process of the original complaint on August 1, 2025 and explaining why, if not, their notice of remand lists a service date of August 1, 2025." (*Id*.)

Defendant's counsel responded to the Court's Order through a declaration, stating: "Defendant SCAN Health Plan ('SCAN') acknowledges that, on August 1, 2025, it received limited documents purporting to relate to this action. However, the materials that it received on that date did not include a full copy of the Complaint sufficient to constitute service of the 'initial pleading' within the meaning of 28 U.S.C. § 1446(b)(1) or to allow me, as SCAN's legal counsel, to evaluate Plaintiff's claims. Specifically, the information that was received included the Summons, the cover page of the Complaint filed on December 16, 2024, and a Notice of Case Assignment and Case Management Conference." (ECF No. 26 ¶ 4.) Plaintiff objected. (ECF No. 27.)

25cv2598

Then, a couple weeks later, Defendant filed a supplemental declaration. (ECF No. 28.) Defendant's attorney undertook an additional internal review of the materials in the firm's possession. (*Id*.) This supplemental declaration stated: "After conducting a further investigation with SCAN, and reviewing archived service records and internal document repositories, we were able to confirm that SCAN did, in fact, receive a full copy of the Complaint on or about August 1, 2025." (*Id*. ¶ 6.)

## II. LEGAL STANDARD

Ordinarily, "[r]emoval statutes are to be strictly construed, and any doubts as to the right of removal must be resolved in favor of remanding to state court." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." 28 U.S.C. § 1446(b)(1). Regarding 28 U.S.C. § 1442 federal officer removal, a "federal officer defendant's thirty days to remove commence when the plaintiff discloses sufficient facts for federal officer removal." *Durham*, 445 F.3d at 1253.

## III. ANALYSIS

Here, the supplemental declaration admits that Defendant was served with the complaint on August 1, 2025. Defendant's supplemental declaration further concedes that the complaint provided sufficient notice. In other words, Defendant does not contest that the complaint had sufficient information regarding the grounds for federal question and federal officer removal. Given that Defendant's counsel concedes service, the complaint served on August 1, 2025, constitutes the initial pleading. Starting the clock on August 1, 2025, Defendant's deadline to file a notice of removal was August 31, 2025. Thus, when Defendant filed the notice on September 25, 2025, it was several weeks late. Seeing no other argument from Defendant and according to the statutory requirements, the Court must find the removal untimely.

25cv2598

Finally, Plaintiff seeks sanctions for costs and actual expenses under Rule 11(c) and 28 U.S.C. 1447(c). (ECF No. 2.) Specifically, Plaintiff seeks reimbursement for expenses incurred by himself and the sheriffs. (*Id*.) Finding no bad faith, the Court **DENIES** the request for sanctions.

## IV.   CONCLUSION

Accordingly, the Court **GRANTS** the motion to remand. (ECF No. 2.) But the Court **DENIES** sanctions or costs. (*Id*.) The Court remands the case.

**IT IS SO ORDERED.**

**DATED: January 30, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 4 -

25cv2598